The Honorable Mike Bearden State Senator P.O. Box 686 Osceola, Arkansas 72370
Dear Senator Bearden:
This is in response to your request for an opinion on the following question:
 Is a County Judge, or a candidate for that office, subject to the rules prescribed by Canon 7 of the Arkansas Code of Judicial Conduct?
For the reasons that follow, it is my opinion that the answer to this question is "no".
Canon 7 of the Arkansas Code of Judicial Conduct is entitled "A Judge Should Refrain From Political Activity Inappropriate To His Judicial Office", and prescribes standards of judicial conduct in such areas as attending political gatherings and soliciting campaign contributions. As you have noted, the applicability of the Code is set out immediately after Canon 7, and provides as follows:
 Anyone, whether or not a lawyer, who is an officer of a judicial system performing judicial functions, including an officer such as a referee in bankruptcy, special master, court commissioner, or magistrate, is a judge for the purpose of this Code. All judges should comply with this Code except as provided below.
The provisions following the above language exempt part-time judges, judges pro tempore, and retired judges from certain canons of the Code, but not from Canon 7. The quoted language above is almost identical to the language found at Rule 6 of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission, promulgated under the authority of Amendment 66 to the Arkansas Constitution, and Act 637 of 1989. That rule provides in pertinent part as follows:
 A. Judge in Office. The authority of the Commission extends to judges and justices in office, and the term "judge" includes anyone, whether or not a lawyer, who is an officer of the judicial system performing judicial functions, including an officer such as a referee, special master, court commissioner, magistrate, whether full-time or part-time. . . .[1]
The resolution of your question thus turns upon whether a county judge is "an officer of a judicial system, performing judicial functions." If so, he or she is subject to the Arkansas Code of Judicial Conduct.
Although the office of county judge is created under Article 7 of the Arkansas Constitution, (entitled "Judicial Department"), Amendment 55 to the Arkansas Constitution in Section 3 outlines the powers of the county judge, and the legislature has determined that the Amendment 55 powers of the county judge are to be performed in an executive capacity. A.C.A. 14-14-1102. The legislature, as you point out, has also referred to the county judge as the "principal executive officer of the county." A.C.A.14-14-703(a)(1). These citations indicate that the county judge is not a member of a judicial system, but rather a member of the executive branch of government, exercising executive powers.
Section 14-14-1105, however, appears to recognize that in at least some instances, the county judge still retains some judicial power. That section provides in pertinent part:
 (a) The General Assembly determines that all powers not vested in the county judge under the provisions of Arkansas Constitution, Amendment 55, to be exercised by the county judge as the chief executive officer of the county, shall continue to be exercised and administered by the county court, over which the judge shall preside.
This language stems from 3 of Amendment 55, which provides that the "County Judge, in addition to other powers and duties provided for by the Constitution and by law, shall . . . [have the following powers]." It is clear from this language that the county judge retains some original judicial authority vested prior to the adoption of Amendment 55.
The jurisdiction of the county court is also set out in A.C.A.14-14-1105; although, as you have noted, proceedings involving bastardy, juveniles, and financial concerns have been transferred to different entities for resolution. The county court does, however, retain jurisdiction of several matters under 14-14-1105, and the county judge is given authority under Arkansas Constitution Art. 7, 37 and A.C.A. 14-14-1102 to exercise judicial functions such as issuing provisions writs and orders for injunctions, and determining writs of habeas corpus in the absence of a circuit judge from the county.
It thus appears that the county judge, although exercising primarily executive powers, retains and exercises some judicial authority as well. See generally, Comment, County Government Reorganization in Arkansas, 28 Ark. 226 (1975). In some respects the county judge is a judge, and in some respects he is an executive officer. Your question is whether this scenario is enough to trigger the applicability of the Code of Judicial Conduct. It is my opinion that it is not. In my opinion, the adoption of Amendment 55 and the resulting reorganization of county government has rendered the county judge, on balance, an executive officer.
It would be an easy conclusion to opine that to the extent a county judge performs judicial functions, or when acting in his capacity as a judicial officer, he is subject to the Code of Judicial Conduct. It has been stated that the "Arkansas Supreme Court has meticulously separated the judicial and executive functions of the county judge on a case-by-case basis." (See Comment, County Governmental Reorganization in Arkansas, supra at p. 235). Additionally, the federal courts have segregated he county judge's functions for purposes of determining the legality of a particular act of the judge. See e.g. Clark v. Campbell, 514 Supp. 1300 (W.D.Ark. 1981). Unfortunately, the Code of Judicial Conduct does not lend itself to such distinctions. Many of the provisions govern general conduct which cannot be segregated into specific acts. Thus, a county judge is either subject to the Code's provisions or he is not. While a court, given the opportunity to address this matter, may reach a different conclusion, it is my opinion in the absence of judicial guidance that a county judge is not subject to Canon 7 of the Arkansas Code of Judicial Conduct.
The foregoing opinion, which I hereby approve, was prepared by Assistant attorney General Elana L. Cunningham.
[1] It appears that the newly created Commission has no authority over candidates for judgeship, but Canon 7 of the Code applies to candidates for judicial office.